## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STAR GHANAAT, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>-v-<br><br>**SOUNDCLOUD, INC.,**<br><br>Defendant. | Case No.: 1:26-cv-01093<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1.      Plaintiff Star Ghanaat ("Plaintiff") brings this Class Action Complaint ("Complaint") against Defendant Soundcloud, Inc. ("Soundcloud" or "Defendant"), individually and on behalf of all others similarly situated ("Class Members"), and alleges, upon personal knowledge as to Plaintiff's own actions and upon information and belief and Plaintiff's counsel's investigation as to all other matters, as follows:

### NATURE OF THE ACTION

1.      With this action, Plaintiff seeks to hold Soundcloud responsible for the harms it caused Plaintiff and millions of similarly situated persons in the preventable data breach of Soundcloud's inadequately protected computer network in or around December 2025 ("Data Breach").

2.      Soundcloud is an international music streaming and music sharing platform. Upon information and belief, the criminal group "ShinyHunters" utilized a social engineering tactic known as "Vishing" (*i.e.*, voice phishing) to gain unlawful access to Soundcloud's employees, and once inside of Soundcloud's systems, stealing Plaintiff's and Class Members' Personally Identifiable Information ("PII").  Vishing is a well-known threat vector for PII targets.

3.      Despite industry-wide warnings about Vishing, Soundcloud's IT security training and related security systems were left open to cybercriminals as a prime target.  Upon information and belief, Soundcloud failed to take adequate measures reasonably calculated to stop intruders from bypassing the "Human Firewall" and accessing Defendant's internal dashboards.

4.      In connection with its operations, Defendant collects and stores highly sensitive PII from users.  Plaintiff and Class Members are current and former Soundcloud users whose PII was stolen from Defendant's inadequately secured systems networks and security protocols.

5.      This class action seeks to redress Soundcloud's unlawful, willful, and wanton failure to protect and secure the PII it collected from Plaintiff and Class Members. As a result of Defendant's woefully inadequate data security measures—including its failure to utilize basic encryption for sensitive data—the PII of approximately 30 million individuals was exposed and stolen in the avoidable Data Breach.

6.      By collecting, using, and deriving a benefit from Plaintiff's and Class Members' PII, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff's and Class Members' PII (sometimes referred to herein as "Private Information") from unauthorized disclosure.

7.      Plaintiff and Class Members relied on Defendant to keep their Private Information confidential and secure from unauthorized access, and to make only authorized disclosures of their information.

8.      The Data Breach was first suspected not through Defendant's announcement, but through Plaintiff and Class Member confusion. According to eSecurity Planet, "the breach came to light after users began reporting repeated HTTP 403 forbidden errors when attempting to access

SoundCloud through VPN connections."[1]  On or about December 15, 2025, Soundcloud posted

on its website that "*we are reaching out to SoundCloud users and partners to make them aware of*

*an incident that SoundCloud has identified and addressed. The issue has been resolved, and there*

*is no ongoing risk to the security or availability of the platform*"[2] ("Notice"). The Notice updated

in January 2015 to assert that only public information was stolen.[3]

9.      Despite the Notice, Defendant has not "reached out" to Plaintiff or, upon

information and belief, most Class Members.  Furthermore, the PII taken includes Plaintiff's and

Class Members' geographic location, names, emails, avatars, their profile statistics, usernames,

and their profile name.

10.     On or about February 5, 2026, Plaintiff received notice of the Breach – not by

Defendant's inadequate Notice on its website, but – through Plaintiff's H&R Block Tax Identity

Shield monitoring, which notified Plaintiff that Plaintiff's email may have been found on the dark

web due to the Soundcloud Data Breach.

11.     By taking possession and control of Plaintiff's and Class Members' Private

Information, Soundcloud assumed a duty to securely store and protect it.

12.     Soundcloud breached this duty and betrayed the trust of Plaintiff and Class

Members by failing to properly safeguard and protect their PII, thus enabling cybercriminals to

access, view, exfiltrate, copy, misuse, and release it.

13.     Soundcloud's misconduct included, *inter alia*, failing to: implement adequate and

reasonable data security measures to protect Plaintiff's and Class Members' Private Information;

---

[1] *See* https://www.esecurityplanet.com/threats/soundcloud-breach-potentially-affects-millions-of-accounts/ (last accessed February 10, 2026).
[2] *See*    https://soundcloud.com/playbook-articles/protecting-our-users-and-our-service    (last accessed February 10, 2026).
[3] *See id.*

timely detect the Data Breach; take adequate steps to prevent and stop the Data Breach; disclose the material fact that it did not have adequate data security practices in place to safeguard the PII it collected and stored; and provide timely and adequate notice of the Data Breach. These failures caused substantial harm and injuries to Plaintiff and Class Members across the United States.

14.    Due to Soundcloud's negligence, Plaintiff's and Class Members' PII is now in the hands of cybercriminals, who can use their information to commit multiple forms of fraud and identity theft, wreaking havoc on the personal lives of hundreds of thousands of individuals.

15.    Upon information and  belief, the hacker has already posted the PII stolen in the Data Breach to the dark web, where it can be exploited for nefarious purposes by a broad range of bad actors.

16.    For the rest of their lives, Plaintiff and Class Members will therefore face a risk of fraud and identity theft at the hands of cybercriminals and other bad actors who seek to misuse their PII.

17.    Plaintiff and Class Members have already and will continue to spend time responding to the Breach and are at an immediate, imminent, and heightened risk of all manner of fraud and identity theft as a direct and proximate result of the Data Breach. Plaintiff and Class Members have incurred and will continue to incur damages in the form of, among other things, identity theft, attempted identity theft, lost time and expenses mitigating harms, increased risk of harm, damaged credit, deprivation of the value of their PII, loss of privacy, and additional damages as described below.

18.    Soundcloud's harmful conduct has injured Plaintiff and Class Members in multiple ways, including: (i) invasion of privacy and theft of PII; (ii) the lost or diminiPlaintiffd value of their PII; (iii) costs associated with the prevention, detection, and recovery from identity theft, tax

fraud, and other unauthorized use of their data; (iv) lost opportunity costs to mitigate the Data Breach's consequences, including lost time; (v) lost benefit of their bargain; (vi) emotional distress associated with the loss of control over their highly sensitive Private Information; and (vii) substantial and ongoing risk that their Private Information will be misused, including through identity theft, medical fraud, and harassment.

19.     Plaintiff brings this action individually and on behalf of the Class, seeking remedies including, but not limited to, compensatory damages, reimbursement of out-of-pocket costs, disgorgement, injunctive and declaratory relief, reasonable attorneys fees and costs, and all other remedies this Court deems proper.

## PARTIES

20.     Plaintiff Star Ghanaat is a citizen of California who has maintained a user account with Soundcloud since 2012.  Plaintiff is a resident of California, where Plaintiff intends to remain.

21.     Defendant Soundcloud Inc. is a Delaware corporation headquartered in New York, with its principal place of business in New York County, New York.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. The number of Class Members is over 100, and at least one Class Member, including Plaintiff, is a citizen of a state that is diverse from Defendant's citizenship. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

23.     This Court has personal jurisdiction over Defendant because Defendant conducts business in this District, maintains a principal place of business in this District, has sufficient minimum contacts with this State, and further, because a substantial part of the events or omissions

giving rise to the claims alleged in this Action also occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

24.     Venue is proper as to Defendant in this District under 28 U.S.C. § 1391(a)(1) because Defendant maintains a principal place of business in this District and therefore resides in this District pursuant to 28 U.S.C. § 1391(c)(2). Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged in this action also occurred in this District.

## FACTUAL ALLEGATIONS

### A.     *Soundcloud*

25.     SoundCloud is a corporation based in New York City and is one of the largest music streaming services in the world.

26.     Plaintiff and Class Members are and/or were users or employees of Defendant. Plaintiff and Class Members directly or indirectly entrusted SoundCloud with their PII.

27.     Plaintiff and Class Members value their privacy and have taken reasonable steps to maintain the confidentiality of their PII.

28.     Plaintiff and Class Members reasonably expected that Defendant would keep their sensitive Private Information confidential and securely maintained, use their information for necessary purposes only, and make only authorized disclosures of their information.

29.     By obtaining, collecting, and storing Plaintiff's and Class Members' Private Information, SoundCloud assumed equitable and legal duties to protect Plaintiff's and Class Members' PII from involuntary disclosure to third parties.

30.     Despite SoundCloud's duties to protect Plaintiff's and Class Members' Private Information, it failed to implement reasonable and industry-standard data protections to secure

Plaintiff's and Class Members' information from unauthorized access and disclosure and allowed hackers to breach its systems and obtain Plaintiff's and Class Members' PII stored therein.

**B.    *The Data Breach***

31.    In or around December 2025, SoundCloud "detected unauthorized activity in an ancillary service dashboard" wherein a "purported threat actor group accessed certain limited data."

32.    The PII exfiltrated in the Data Breach includes individuals' email addresses, names, usernames, avatars, profile statistics, geographic locations, and avatars.

33.    SoundCloud has failed to provide timely notice of the Data Breach to Plaintiff and Class Members regarding the scope, nature, or potential consequences of the compromise.

34.    The hackers behind the cyberattack on Defendant were successful in exfiltrating sensitive Private Information from Defendant's data network and leaked the data that they obtained online.

35.    SoundCloud acknowledged that the Private Information of approximately 20% of Defendant's users was compromised in the Data Breach.

36.    The Data Breach is a direct result of SoundCloud's failure to implement reasonable and industry-standard data protections to secure Plaintiff's and Class Members' sensitive information.

**C.    *Plaintiff's Experiences and Injuries.***

37.    Plaintiff is a user of SoundCloud's streaming service. Plaintiff first became a SoundCloud user in 2012. As a SoundCloud user, Plaintiff's Private Information was contained within SoundCloud's computer systems on or around December 2025, the period in which the Data Breach occurred.

38.     Pursuant to this relationship, SoundCloud required that Plaintiff disclose a wide variety of Private Information, including her first and last name, email, and possibly her date of birth.

39.     In doing so, Plaintiff trusted that SoundCloud would use reasonable measures to protect her Private Information according to SoundCloud's data security policies, as well as State and Federal law.

40.     Plaintiff would not have allowed SoundCloud, or anyone in SoundCloud's position, to maintain her Private Information if Plaintiff believed SoundCloud would fail to implement reasonable and industry standard practices to safeguard her Private Information from unauthorized access and exfiltration.

41.     SoundCloud obtained and continues to maintain Plaintiff's Private Information and has a continuing legal duty and obligation to protect that Private Information from unauthorized access and disclosure.

42.     Plaintiff received an email from H&R Block Tax Identity Shield on February 5, 2026, advising her that her Private Information was compromised in the Data Breach. In other words, from H&R Block Tax Identity Shield confirmed that Plaintiff was injured by the Data Breach.

43.     In the email,  H&R Block Tax Identity Shield confirmed that the Data Breach exposed at least Plaintiff's email address.

44.     Plaintiff is very careful about the privacy and security of her Private Information— and Plaintiff protects her Private Information by, *inter alia*, keeping sensitive documents in a safe location and changing online passwords frequently.

45.     Additionally, Plaintiff checks her credit report frequently.

46.    Plaintiff suffered an invasion of privacy when her Private Information was exposed to—and then stolen by—the extortionist hacker group known by the moniker "ShinyHunters" as a result of the Data Breach.

47.    Upon information and belief, the hackers have already leaked the Private Information of Plaintiff and Class Members on the dark web.

48.    Plaintiff has spent—and will continue to spend—significant time and effort monitoring her accounts to protect herself from identity theft and other harms.

49.    As a result of the Data Breach, Plaintiff has lost time attempting to mitigate the fallout of the Data Breach by implementing security precautions. This is valuable time that Plaintiff would have spent on other activities, including but not limited to work and/or recreation.

50.    Plaintiff suffered actual injury in the form of damages to and diminution in the value of her Private Information when it was stolen by hackers. Private Information is a form of intangible property—property that SoundCloud was required to adequately protect.

51.    As a SoundCloud user, Plaintiff suffered actual injury and lost the "benefit of her bargain" because Plaintiff provided her Private Information to SoundCloud with the reasonable and mutual expectation that SoundCloud would implement and maintain reasonable data security practices—but SoundCloud cut corners and did not provide the bargained for data security.  If SoundCloud was transparent about its deficient data security, Plaintiff would not have entrusted SoundCloud with Plaintiff's PII.

52.    Because of the Data Breach, Plaintiff suffers from the imminent and impending injury of the substantially increased risk of misuse, fraud, and identity theft.

53.     Because of the Data Breach, Plaintiff suffers from the imminent and impending injury whereby the "ShinyHunters" hackers will weaponize the stolen Private Information to target, expose, or otherwise harm individuals associated with SoundCloud.

54.     SoundCloud deprived Plaintiff of the earliest opportunity to guard herself against the Data Breach's harmful effects by failing to promptly notify her about it.

55.     Plaintiff has a continuing interest in ensuring that her Private Information—which, on information and belief, is still within the custody or control of SoundCloud—is protected and safeguarded from additional breaches or cybersecurity risks.

56.     As a direct and traceable result of the Data Breach, Plaintiff suffered actual injury and damages after her PII was compromised in the Data Breach, including, but not limited to: (a) lost time and money related to monitoring her accounts and credit reports for fraudulent activity and researching the Data Breach; (b) loss of privacy due to her Private Information being accessed and stolen by cybercriminals; (c) theft of Private Information; (d) loss of the benefit of the bargain because SoundCloud did not adequately protect her Private Information; (e) emotional distress because identity thieves now possess her Private Information; (f) imminent and impending injury arising from the increased risk of fraud and identity theft now that her Private Information has been stolen and likely published on the dark web, where it remains unencrypted and available for unauthorized third parties to access and abuse, remains backed up in SoundCloud's possession and is subject to further unauthorized disclosures so long as SoundCloud fails to undertake appropriate and adequate measures to protect the Private Information it collects and stores; (g) diminution in the value of her Private Information, a form of intangible property that SoundCloud obtained from Plaintiff; and (h) other economic and non-economic harm.

**D.    *Soundcloud Acquired, Collected, and Stored***
**    *Plaintiff's and Class Members' Private Information.***

57.    As a condition of condition for using SoundCloud, Plaintiff and Class Members were required to entrust their sensitive and Private Information to Defendant.

58.    Defendant retains and stores this information and derives a substantial economic benefit from the Private Information that it collects. But for the collection of Plaintiff's and Class Members' PII, Defendant would be unable to perform its services.

59.    By collecting and storing the PII of Plaintiff and Class Members, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting the Private Information from disclosure.

60.    Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their PII and relied on Defendant to keep their PII confidential and maintained securely, to use their information for business purposes only, and to make only authorized disclosures of their information.

61.    Defendant could have prevented the Data Breach by properly securing and encrypting the files and servers containing the Private Information of Plaintiff and Class Members, and training its employees against Vishing.

62.    Defendant's negligence in safeguarding the PII of Plaintiff and Class Members is exacerbated by Defendant's awareness of the importance of protecting and securing sensitive data.

## CLASS ACTION ALLEGATIONS

63.    Plaintiff bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a Nationwide Class, and/or State Subclasses defined as follows: All individuals in the United States whose Private Information was compromised in the Data Breach ("Class").

64.    Excluded from the Class are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

65.    Plaintiff reserved the right to amend the definitions of the Class or add a Subclass if further information and discovery indicate that the definitions of the Class should be narrowed, expanded, or otherwise modified.

66.    Class certification of Plaintiff's claims is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis utilizing the same evidence as would be used to prove those elements in separate actions alleging the same claims.

67.    **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. Although the precise number of individuals is currently unknown to Plaintiff and exclusively in the possession of Defendant, upon information and belief, millions of individuals were impacted. The Class is apparently identifiable within Defendant's records, and Defendant has already identified these individuals (as evidenced by sending them breach notification letters).

68.    **Commonality:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class members, including the following:

a.    Whether and to what extent Defendant had a duty to protect the Private Information of Plaintiff and Class Members;

12

b.  Whether Defendant had respective duties not to disclose the Private Information of Plaintiff and Class Members to unauthorized third parties;

c.  Whether Defendant had respective duties not to use the Private Information of Plaintiff and Class Members for non-business purposes;

d.  Whether Defendant failed to adequately safeguard the Private Information of Plaintiff and Class Members;

e.  Whether Defendant was negligent in collecting and storing Plaintiff' and Class members' Private Information, and breached its duties thereby;

f.  Whether and when Defendant actually learned of the Data Breach;

g.  Whether Defendant adequately, promptly, and accurately informed Plaintiff and Class Members that their Private Information had been compromised;

h.  Whether Defendant violated the law by failing to promptly notify Plaintiff and Class Members that their Private Information had been compromised;

i.  Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

j.  Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

k.  Whether Defendant was unjustly enriched;

l.  Whether Defendant's conduct violated the statutes as set forth herein;

m. Whether Plaintiff and Class Members are entitled to actual damages. statutory damages, and/or nominal damages as a result of Defendant's wrongful conduct; and

n.  Whether Plaintiff and Class Members are entitled to equitable relief, including injunctive relief or restitution to redress the imminent and currently ongoing harm faced as a result of the Data Breach.

69.    **Typicality:** Plaintiff's claims are typical of those of the other members of the Class because Plaintiff, like every other Class Member, was exposed to virtually identical conduct and now suffer from the same violations of the law as each other member of the Class.

70.    **Predominance and Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenges of these policies hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

71.    **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that Plaintiff has no disabling conflict of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the Class Members and the infringement of the rights and the damages Plaintiff has suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class action and data breach litigation, and Plaintiff intends to prosecute this action vigorously.

72.    **Superiority and Manageability:** Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will

permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Defendant. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

73.    The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class Members for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff is exposed is representative of that experienced by the Class and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

74.    The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

75.    Unless a Class-wide injunction is issued, Defendant may continue in its failure to properly secure the Private Information of Plaintiff and Class Members, Defendant may continue

to refuse to provide proper notification to Plaintiff and Class Members regarding the Data Breach, and Defendant may continue to act unlawfully as set forth in this Complaint.

76. **Injunctive Relief:** Defendant has acted and/or refused to act on grounds that apply generally to the Class, making injunctive and/or declaratory relief appropriate with respect to the Class under Federal Rule of Civil Procedure 23(b)(2).

77. Class certification under Federal Rule of Civil Procedure 23(c)(4) is also appropriate because this Court can designate specific claims or issues or class-wise treatment and may designate multiple subclasses. Particular issues are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

    a. Whether Defendant failed to timely notify the Plaintiff and the Class of the Data Breach;

    b. Whether Defendant owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their Private Information;

    c. Whether Defendant's security measures to protect its data systems were reasonable in light of best practices recommended by data security experts;

    d. Whether Defendant's failure to institute adequate protective security measures amounted to negligence;

    e. Whether Defendant failed to take commercially reasonable steps to safeguard consumer Private Information; and

f. Whether adherence to FTC data security recommendations, and measures recommended by data security experts would have reasonably prevented the Data Breach.

78. Finally, all members of the proposed Class are readily ascertainable. Defendant has access to Class Members' names and addresses affected by the Data Breach. Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

**CAUSES OF ACTION**
**COUNT I**
**NEGLIGENCE**

**(On Behalf of Plaintiff and the Class)**

79. Plaintiff realleges and incorporates by reference all preceding factual allegations, as if fully set forth herein.

80. Defendant owes a duty under common law to Plaintiff and the Class to exercise reasonable care in safeguarding, securing, and protecting the highly sensitive and confidential data it solicits, collects, stores, and maintains. This includes a duty owed by Defendant to exercise reasonable care in safeguarding, securing, and protecting Plaintiff's and Class Members' Private Information.

81. Defendant owes a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, and other requirements discussed herein, to ensure that its systems and networks, and the personnel responsible for them, adequately secure and protect the Private Information that Defendant solicits, collects, stores, and maintains.

82. Defendant's duty to use reasonable data security measures includes, among other things: (a) designing, maintaining, and testing its security protocols to ensure that the Private Information of Plaintiff and Class Members is adequately secured and protected; (b) removing or

deleting sensitive data when no longer needed for authorized purposes; and (c) implementing and maintaining procedures to detect and prevent improper access to and misuse of Plaintiff's and Class Members' Private Information.

83.     Defendant owes a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, HIPAA, and other requirements, and to ensure that its systems and networks, and the personnel responsible for them, adequately protect individuals' Private Information.

84.     By soliciting, accepting, storing, and maintaining Plaintiff's and Class Members' Private Information, Defendant undertook a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

85.     Defendant solicits, collects, stores, and maintains the Private Information of Plaintiff and Class Members as part of its regular business practices as a university.

86.     Defendant required Plaintiff and Class Members to entrust it with their Private Information in order to obtain and maintain a user account. Defendant requires its users, including Plaintiff and Class Members, to submit PII in the ordinary course of providing its services.

87.     Defendant gathered and stored the PII of Plaintiff and Class Members as part of its business of soliciting its services to its users, which solicitations and services affect commerce.

88.     Plaintiff and Class Members entrusted Defendant with their PII with the reasonable and mutual understanding that Defendant would safeguard their information.

89.    Defendant had full knowledge of the sensitivity of the Private Information it collected and stored and the types of harm that Plaintiff and Class Members could and would suffer if their Private Information were wrongfully disclosed.

90.    By voluntarily undertaking and assuming the responsibility to collect and store Plaintiff's and Class Members' PII, and in fact doing so, Defendant had a duty of care to use reasonable means to secure and safeguard its computer property—and Plaintiff's and Class Members' PII held within it—to prevent disclosure of the information, and to safeguard the information from theft.

91.    Defendant's duty included a responsibility to implement processes by which it could detect a breach of its security systems in a reasonably expeditious period of time and to give prompt notice to those affected in the case of a data breach.

92.    Defendant had a duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data.

93.    Defendant owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards and other requirements, and to ensure that its systems and networks adequately protected the Private Information it collected and stored.

94.    Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and Plaintiff and Class Members. That special relationship arose because Plaintiff and the Class entrusted Defendant with their PII, a necessary part of being users of Soundcloud.

95.     Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described herein, but also because Defendant is bound by industry standards to protect PII.

96.     Defendant was subject to an "independent duty," untethered to any contract between Defendant and Plaintiff or the Class.

97.     Defendant also had a duty to exercise appropriate clearinghouse practices to remove former users' PII that it was no longer required to retain pursuant to regulations.

98.     Moreover, Defendant had a duty to promptly and adequately notify Plaintiff and the Class of the Data Breach.

99.     Defendant had and continues to have a duty to adequately disclose that the Private Information of Plaintiff and the Class within Defendant's possession might have been compromised, how it was compromised, and precisely the types of data that were compromised and when. Such notice was necessary to allow Plaintiff and the Class to take steps to prevent, mitigate, and repair any identity theft and the fraudulent use of their PII by third parties.

100.     Defendant breached its duties, pursuant to the FTC Act and other applicable standards, and thus was negligent, by failing to use reasonable measures to protect Plaintiff's and Class Members' PII. The specific negligent acts and omissions committed by Defendant include, but are not limited to, the following:

    a.  Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's and Class Members' Private Information;

    b.  Failing to adequately monitor the security of its networks and systems;

    c.  Allowing unauthorized access to Plaintiff's and Class Members' Private Information;

20

d.  Failing to detect in a timely manner that Plaintiff's and Class Members' Private Information had been compromised;

e.  Failing to remove former users' Private Information after it was no longer required to retain it pursuant to regulations; and

f.  Failing to timely and adequately notify Plaintiff and Class Members about the Data Breach's occurrence and scope, so they could take appropriate steps to mitigate the potential for identity theft and other damages.

101.    Defendant violated Section 5 of the FTC Act by failing to use reasonable measures to protect Private Information and not complying with applicable industry standards..

102.    Plaintiff and Class Members were within the class of persons the FTC Act was intended to protect and the type of harm that resulted from the Data Breach was the type of harm that the statute was intended to guard against.

103.    Defendant's violation of Section 5 of the FTC Act constitutes negligence.

104.    The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

105.    A breach of security, unauthorized access, and resulting injury to Plaintiff and the Class was reasonably foreseeable, particularly in light of Defendant's inadequate security practices.

106.    It was foreseeable that Defendant's failure to use reasonable measures to protect Plaintiff's and Class Members' Private Information would result in injury. Further, the Data Breach was reasonably foreseeable given the known high frequency of cyberattacks and data breaches.

107.    Defendant had full knowledge of the sensitivity of the PII and the types of harm that Plaintiff and the Class could and would suffer if the PII were wrongfully disclosed.

108.    Plaintiff and the Class were the foreseeable and probable victims of inadequate data security practices and procedures. Defendant knew or should have known of the inherent risks in collecting and storing the PII of Plaintiff and the Class, the critical importance of providing adequate security for that PII, and the necessity of encrypting PII stored on its systems or transmitted through third party systems.

109.    It was therefore foreseeable that the failure to adequately safeguard Plaintiff's and Class Members' PII would result in one or more types of injuries to Plaintiff and Class Members.

110.    Plaintiff and the Class had no ability to protect their PII that was in, and upon information and belief, remains in, Defendant's possession.

111.    Defendant was in the best position to protect against the harm suffered by Plaintiff and the Class as a result of the Data Breach.

112.    Defendant's duty extended to protecting Plaintiff and the Class from the risk of foreseeable criminal conduct of third parties, which has been recognized in situations where the actor's own conduct or misconduct exposes another to the risk or defeats protections put in place to guard against the risk, or where the parties are in a special relationship. *See* Restatement (Second) of Torts § 302B. Numerous courts and legislatures have also recognized the existence of a specific duty to reasonably safeguard PII.

113.    Defendant has admitted that the PII of Plaintiff and the Class was wrongfully lost and disclosed to unauthorized third persons as a result of the Data Breach.

114.    But for Defendant's wrongful and negligent breach of duties owed to Plaintiff and the Class, the PII of Plaintiff and the Class would not have been compromised and stolen in the Data Breach.

115.    There is a close causal connection between Defendant's failure to implement adequate data security measures to protect the PII of Plaintiff and the Class and the harm, or risk of imminent harm, suffered by Plaintiff and the Class. The PII of Plaintiff and the Class was lost and accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such PII by adopting, implementing, and maintaining appropriate data security measures.

116.    As a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of PII; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) nominal damages; and (vii) the continued and certainly increased risk to their PII, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII.

117.    Plaintiff and Class Members are entitled to compensatory and consequential damages suffered as a result of the Data Breach.

118.    Plaintiff and Class Members are also entitled to injunctive relief requiring Defendant to: (i) strengthen its data security systems and monitoring procedures; (ii) submit to

future annual audits of those systems and monitoring procedures; and (iii) continue to provide adequate credit monitoring to all Class Members.

## COUNT II
## BREACH OF IMPLIED CONTRACT

### (On Behalf of Plaintiff and the Class)

119.    Plaintiff realleges and incorporate by reference all preceding factual allegations, as if fully set forth herein.

120.    When Plaintiff and Class Members provided consideration and PII to Defendant, they entered into implied contracts with Defendant, pursuant to which Defendant agreed to implement and maintain reasonable data security practices to adequately secure and protect the PII it collected and stored.

121.    Soundcloud solicited and invited Plaintiff and Class Members to entrust it with their PII, which they were required to provide in order to obtain and maintain a Soundcloud account.

122.    Plaintiff and Class Members provided their PII to Soundcloud with the reasonable and mutual expectation that Soundcloud would implement and maintain reasonable and adequate data security practices to protect their PII from unauthorized access. Soundcloud knew or reasonably should have known that Plaintiff and Class Members held this belief and expectation.

123.    In entering into such implied contracts, Plaintiff and Class Members reasonably believed and expected that Defendant's data security practices complied with relevant laws and regulations (including FTC guidelines on data security) and were consistent with industry standards.

124.    Soundcloud impliedly promised to implement and maintain reasonable and adequate data security practices to protect Plaintiff's and Class Members' PII from unauthorized access.

125.    By accepting Plaintiff' and Class Members' PII, Soundcloud implicitly represented that its data security practices were sufficient to protect and secure the PII it collected and stored.

126.    Soundcloud's conduct in requiring users, including Plaintiff and Class Members, to provide their PII illustrates Soundcloud's intent to be bound by an implied promise to implement and maintain reasonable data security practices sufficient to protect and secure the PII it collected and stored.

127.    Implicit in the agreement between Defendant and Plaintiff and Class Members, was Soundcloud's obligation to: (a) use the Private Information it collected and stored for business purposes only; (b) take reasonable steps to safeguard that Private Information; (c) prevent unauthorized disclosures of the PII; (d) provide Plaintiff and Class Members with prompt and sufficient notice of any and all unauthorized access and/or theft of their Private Information; (e) reasonably safeguard and protect the PII of Plaintiff and Class Members from unauthorized disclosure; and (f) retain the PII it collected and stored only under conditions that kept such information secure and confidential.

128.    The mutual understanding and intent of Plaintiff and Class Members on the one hand, and Defendant, on the other, is demonstrated by their conduct and course of dealing.

129.    Plaintiff and Class Members would not have provided their PII to Soundcloud in the absence of Soundcloud's implied promise to implement and maintain reasonable data security practices.

130.    Plaintiff and Class Members fully performed their obligations under their implied contracts with Soundcloud. They provided their PII to Soundcloud in exchange for Soundcloud's consideration of their user accounts and its implied promise to adopt reasonable data security safeguards.

131.    Soundcloud breached its implied contracts with Plaintiff and Class Members by failing to implement and maintain reasonable data security practices.

132.    Defendant breached the implied contracts it made with Plaintiff and the Class by failing to safeguard and protect their PII, by failing to delete the Private Information of Plaintiff and the Class from its network once the relationship ended, and by failing to provide accurate and timely notice to Plaintiff and Class Members that their Private Information was compromised and stolen as a result of the Data Breach.

133.    As a result of Soundcloud's conduct, Plaintiff and Class Members have suffered, and continue to suffer, legally cognizable damages arising from the Data Breach.

134.    As a direct and proximate result of Defendant's breach of its implied contracts, Plaintiff and Class members sustained damages, including, but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of their bargain; (vi) nominal damages; and (vii) the continued and certainly increased risk to their PII.

135.    Plaintiff and Class Members are entitled to compensatory, consequential, and nominal damages suffered as a result of the Data Breach.

136.    Plaintiff and Class Members are also entitled to injunctive relief requiring Defendant to: (i) strengthen its data security systems and monitoring procedures; (ii) submit to

future annual audits of those systems and monitoring procedures; and (iii) immediately provide adequate credit monitoring to all Class Members.

## COUNT III
## UNJUST ENRICHMENT

### (On Behalf of Plaintiff and the Class)

137.    Plaintiff realleges and incorporated by reference all preceding factual allegations, as if fully set forth herein.

138.    Plaintiff brings this Count in the alternative to the breach of contract count above.

139.    Plaintiff and Class Members conferred a benefit on Defendant by providing their PII to Soundcloud. In exchange, Plaintiff and Class Members should have received from Defendant the services that were the subject of their transactions and should have had their Private Information protected with adequate data security.

140.    Defendant knew that Plaintiff and Class Members conferred a benefit upon it and accepted and retained that benefit by accepting and retaining the Private Information entrusted to it. Defendant profited from its collection of Plaintiff' and Class Members' data and used Plaintiff's and Class Members' PII for business purposes.

141.    Defendant failed to secure Plaintiff's and Class Members' PII and, therefore, did not fully compensate Plaintiff and Class Members for the value that their PII provided.

142.    Defendant acquired Plaintiff's and Class Members' Private Information through inequitable means because it failed to investigate and/or disclose the inadequate data security practices previously alleged.

143.    If Plaintiff and Class Members had known that Defendant would not implement and maintain adequate data security practices to monitor, supervise, and secure their Private Information, they would not have entrusted their Private Information to Defendant.

27

144.    Plaintiff and Class Members have no adequate remedy at law.

145.    Defendant enriched itself by saving the costs it reasonably should have expended on data security measures to secure Plaintiff's and Class Members' PII. Instead of providing a reasonable level of data security that would have prevented the Data Breach or mitigated its effects, Defendant instead calculated to increase its own profit at the expense of Plaintiff and Class Members by utilizing cheaper, ineffective security measures and diverting those funds to its own profit. Plaintiff and Class Members, on the other hand, suffered as a direct and proximate result of Defendant's decision to prioritize its own profits over the requisite security and the safety of their PII.

146.    Under the circumstances, it would be unjust for Defendant to be permitted to retain any of the benefits that Plaintiff and Class Members conferred upon it.

147.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have suffered and will suffer injury, including but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of their bargain; (vi) nominal damages; and (vii) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect their Private Information.

148.    Plaintiff and Class Members are entitled to damages from Defendant and/or an order proportionally disgorging all profits, benefits, and other compensation obtained by

Defendant from its wrongful conduct. This can be accomplished by establishing a constructive trust from which the Plaintiff and Class Members may seek compensation.

149.    Plaintiff and Class Members may not have an adequate remedy at law against Defendant, and accordingly, they plead this claim for unjust enrichment in addition to, or in the alternative to, other claims pleaded herein.

## COUNT IV
## DECLARATORY JUDGEMENT

### (On Behalf of Plaintiff and the Class)

150.    Plaintiff realleges and incorporates by reference all preceding factual allegations, as if fully set forth herein.

151.    Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief. Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and violate the terms of the federal and state statutes described in this Complaint.

152.    An actual controversy has arisen in the wake of the Data Breach regarding Plaintiff's and Class Members' PII and whether Soundcloud is currently maintaining data security measures adequate to protect Plaintiff and Class Members from further data breaches that compromise their PII.

153.    Plaintiff alleges that Soundcloud's data security measures remain inadequate.

154.    Furthermore, Plaintiff continues to suffer injury as a result of the compromise of Plaintiff's PII and remains at imminent risk that further compromises of Plaintiff's PII will occur in the future.

155.    Pursuant to its authority under the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

a.  Soundcloud owes a legal duty to secure the PII of its current and/or former users and to timely notify impacted individuals of a data breach under common law and various state and federal statutes; and

b.  Soundcloud continues to breach this legal duty by failing to employ reasonable measures to secure the PII in its possession.

156.    This Court should also issue corresponding prospective injunctive relief requiring Soundcloud to employ adequate data security protocols consistent with law and industry standards to protect PII in Soundcloud's data network.

157.    If an injunction is not issued, Plaintiff will suffer irreparable injury, and lack an adequate legal remedy, in the event of another data breach at Soundcloud. The risk of another such breach is real, immediate, and substantial. If another breach at Soundcloud occurs, Plaintiff will not have an adequate remedy at law because many of the resulting injuries are not readily quantified and Plaintiff will be forced to bring multiple lawsuits to rectify the same conduct.

158.    The hardship to Plaintiff if an injunction is not issued exceeds the hardship to Soundcloud if an injunction is issued. Plaintiff will likely be subjected to substantial identity theft and other damage. On the other hand, the cost to Soundcloud of complying with an injunction by employing reasonable prospective data security measures is relatively minimal, and Soundcloud has a pre-existing legal obligation to employ such measures.

159.    Issuance of the requested injunction will not disserve the public interest. In contrast, such an injunction would benefit the public by preventing another data breach at Soundcloud, thus eliminating the additional injuries that would result to Plaintiff and current and/or former users whose confidential information would be further compromised.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that this Court:

A.      Certify this case as a class action pursuant to Federal Rule of Civil Procedure 23;

B.      Order appropriate compensatory, statutory, punitive, and nominal damages to Plaintiff and Class Members under applicable law;

C.      Order appropriate injunctive, equitable, and declaratory relief under applicable law;

D.      Award Plaintiff and the Class pre-judgement and/or post-judgment interest as prescribed by law;

E.      Award reasonable attorneys' fees and costs as permitted by law; and

F.      Enter other and further relief as the Court deems to be both just and fair.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury for any and all issues in this action so triable as of right.

Dated: New York, New York
February 10, 2026

**WOODS LONERGAN PLLC**

*Annie E. Causey*

Annie E. Causey (AC5795)
James F. Woods (JW3211)
60 East 42nd Street, Suite 1410
New York, New York 10165
jwoods@woodslaw.com
acausey@woodslaw.com
Tel: 212.684.2500
*Attorneys for Plaintiff*